**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATALIA HUBERT, ) | |
| ) | |
| Plaintiff, ) | Case No. 21-cv-3360 |
| ) | |
| v. ) | JURY DEMANDED |
| ) | |
| OSWEGO JUNCTION ENTERPRISES LLC ) | |
| d/b/a PROHIBITION JUNCTION SPORTS ) | |
| BAR & GRILL ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Natalia Hubert complains against Defendant Oswego Junction Enterprises LLC d/b/a Prohibition Junction Sports Bar & Grill as follows:

## NATURE OF THE ACTION

1. Defendant owns and operates a bar and restaurant in Oswego, Illinois called "Prohibition Junction."

2. Plaintiff was formerly employed as a server at Prohibition Junction. She brings this action to enforce the provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, and the Illinois Human Rights Act ("IHRA"), 755 ILCS 5/2 *et seq.*, alleging that Defendant regularly subjected her to unlawful sexual harassment and then retaliated against her by suspending and ultimately firing her when she complained about the harassment she suffered.

3. Defendant's actions constituted sex discrimination and retaliation in violation of Title VII and the IHRA, and Plaintiff seeks relief as set forth below.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331 and 1343. The Court has supplemental jurisdiction over the claims Plaintiff brings under state law pursuant to 42 U.S.C. § 1367(a).

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391 because the events and omissions giving rise to the claims alleged in this complaint took place in this district.

## CONDITIONS PRECEDENT

6. All conditions precedent to the filing of this suit have been performed or occurred.

7. Plaintiff timely cross-filed charges of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Notice of Substantial Evidence from the IDHR and a Notice of Right to Sue from the EEOC, and she has filed this complaint within 90 days of her receipt of those notices.

## PARTIES

8. Plaintiff Natalia Hubert ("Hubert") is a female who worked as a server at Prohibition Junction from May 30, 2018 until she was suspended on July 30, 2018 and then discharged on August 10, 2018 after she complained to a supervisor about her manager's sexual harassment.

9. Defendant Oswego Junction Enterprises LLC d/b/a Prohibition Junction Sports Bar & Grill ("Prohibition Junction" or the "Restaurant") is an Illinois limited liability company that owns and operates a bar and restaurant at 1031 Station Drive, Oswego, Illinois 60543, called Prohibition Junction. Prohibition Junction is an "employer" under 42 U.S.C. § 2000e(b) and 775 ILCS 5/2-101(B).

**FACTUAL ALLEGATIONS**

10. Throughout her time at Prohibition Junction, Ms. Hubert met the Restaurant's performance expectations. She did so despite persistent sexual harassment by her direct supervisor, Tillman Liggins.

11. From May 30, 2018 through July 24, 2018, Liggins made inappropriate and unwelcome sexual remarks to Ms. Hubert almost daily, including telling her "you have a nice ass," "you turn me on," and "I'd like to fuck the shit out of you." Liggins also sent Ms. Hubert text messages while she was working to tell her he was watching her on the Prohibition Junction security camera monitor.

12. On June 6, 2018, Liggins asked Ms. Hubert and another female server to stay at the restaurant after work. That evening, Liggins attempted to get Ms. Hubert drunk, asking her how many shots it would take for Ms. Hubert to "give him a show." Ms. Hubert told Liggins that his behavior was inappropriate and left the restaurant.

13. On June 23, 2018, at approximately 1:18 a.m., soon after Ms. Hubert had completed her shift, Liggins sent Ms. Hubert text messages asking what she was doing and telling her he was going to come over to her residence.

14. Liggins' conduct toward Ms. Hubert was part of a larger pattern of harassment. Ms. Hubert has witnessed Liggins making inappropriate and unwelcome sexual remarks toward other female employees at Prohibition Junction.

15. In Ms. Hubert's case, Liggins' harassment extended beyond inappropriate statements and remarks and included unwanted and aggressive sexual touching. On July 24, 2018, while Ms. Hubert worked to close down the Restaurant, Liggins followed her around and appeared

extremely intoxicated. As Liggins followed Ms. Hubert, he grabbed her legs and tried to pull her close to him, telling her he "wanted to fuck the shit out of" her.

16. Liggins then followed Ms. Hubert into the kitchen, where he kissed her forehead. Ms. Hubert pushed Liggins away, but he followed her into the liquor room. There, he grabbed her buttocks and attempted to grab between her legs, again telling Ms. Hubert he "wanted to fuck the shit out of" her. As Ms. Hubert attempted to grab her keys to leave, Liggins again attempted to grab between her legs. Ms. Hubert eventually grabbed her keys and left the Restaurant. Throughout Liggins' pursuit of her, Ms. Hubert told him that his advances were not welcome and asked him to stop.

17. Prohibition Junction did not have any written policy prohibiting sexual harassment of employees or establishing procedures for reporting sexual harassment at work, as required by 775 ILCS 5/2-110.

18. On July 25, 2018, Ms. Hubert told another manager about Liggins' unwanted sexual advances and requested the telephone number for Kevin Fialko, the owner of Prohibition Junction who had decision-making authority over the Restaurant's day-to-day operations, including authority over the Restaurant's hiring and firing decisions.

19. On July 28, 2018, Ms. Hubert contacted Fialko by text message and reported that Liggins had been sexually harassing her since May 2018.

20. Two days later, on July 30, 2018, Fialko informed Ms. Hubert that she was suspended with pay pending an investigation of Ms. Hubert's sexual harassment allegations.

21. On or about August 10, 2018, Ms. Hubert received a letter informing her that her employment with Prohibition Junction was terminated. The stated reason for Ms. Hubert's discharge was dishonesty in connection with her complaint of sexual harassment.

## FIRST CLAIM FOR RELIEF
### (Sex Discrimination – Sexual Harassment)
### (Title VII)

22. Plaintiff repeats and re-alleges paragraphs 1–21, above.

23. Liggins, Ms. Hubert's direct supervisor at Prohibition Junction, subjected Ms. Hubert to persistent unwelcome sexual harassment in the form of sexual advances, requests for sexual advances, and other verbal and physical conduct of a sexual nature.

24. Liggins' harassment of Ms. Hubert was based on her sex.

25. Liggins' harassment interfered with the performance of Ms. Hubert's work by creating a hostile and offensive working environment.

26. Prohibition Junction failed to take any action to prevent supervisors from sexually harassing Restaurant employees, including failing to conduct sexual harassment training or to promulgate any written policy regarding sexual harassment.

27. Despite Ms. Hubert's direct report to Fialko of Liggins' sexual harassment, Prohibition Junction failed to take any action to prevent or correct Liggins' conduct to protect Ms. Hubert or other female staff from further sexual harassment.

28. Prohibition Junction's failure to take any action to prevent Liggins from sexually harassing Ms. Hubert and other female employees demonstrated malice or reckless indifference to their federally protected rights.

29. As a direct result of the sexual harassment that Prohibition Junction allowed, Ms. Hubert is entitled to damages including, but not limited to, compensation for past and future physical and emotional distress, punitive damages, attorney's fees and costs, and pre-judgment interest.

## SECOND CLAIM FOR RELIEF
### (Sex Discrimination – Sexual Harassment)
### (IHRA)

30. Plaintiff repeats and re-alleges paragraphs 1–29, above.

31. Liggins was an agent of Prohibition Junction.

32. Liggins subjected Ms. Hubert to persistent unwelcome sexual harassment in the form of sexual advances, requests for sexual advances, and other verbal and physical conduct of a sexual nature, in violation of 775 ILCS 5/2-102(D).

33. As a direct result of the sexual harassment that Prohibition Junction allowed, Ms. Hubert is entitled to damages including but not limited to compensation for past and future physical and emotional distress, attorney's fees and costs, and pre-judgment interest.

## THIRD CLAIM FOR RELIEF
### (Retaliation)
### (Title VII)

34. Plaintiff repeats and re-alleges paragraphs 1–33, above.

35. Ms. Hubert engaged in protected activity on July 29, 2018 when she reported Liggins' sexual harassment to Fialko.

36. Prohibition Junction took adverse employment actions against Ms. Hubert when it suspended her employment on July 30, 2018 and when it terminated her employment on August 10, 2018.

37. Prohibition Junction took adverse employment action against Ms. Hubert because she complained about sexual harassment.

38. As a direct result of Prohibition Junction's retaliation against her, Ms. Hubert is entitled to damages including, but not limited to, past and future lost wages and benefits,

6

compensation for past and future physical and emotional distress, punitive damages, attorney's fees and costs, and pre-judgment interest.

### FOURTH CLAIM FOR RELIEF
### (Retaliation)
### (IHRA)

39. Plaintiff repeats and re-alleges paragraphs 1–38, above.

40. On July 29, 2018, Ms. Hubert opposed that which she reasonably and in good faith believed to be sexual harassment in employment when she reported Liggins' sexual harassment to Fialko.

41. Prohibition Junction took adverse employment actions against Ms. Hubert when it suspended her employment on July 30, 2018 and when it terminated her employment on August 10, 2018. *See* 775 ILCS 5/6-101.

42. Prohibition Junction took adverse employment action against Ms. Hubert because she complained about sexual harassment.

43. As a direct result of Prohibition Junction's retaliation against her, Ms. Hubert is entitled to damages including, but not limited to, past and future lost wages and benefits, compensation for past and future physical and emotional distress, attorney's fees and costs, and pre-judgment interest.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. An award of damages to compensate Ms. Hubert for her injuries, including, but not limited to, past and future lost wages and benefits and past and future physical and emotional distress.

B.  An award of punitive damages to punish Defendant for its malice and reckless indifference toward the rights of Ms. Hubert and other female staff at Prohibition Junction and to deter Defendant from allowing similar sexual harassment in the future.

C.  Reasonable attorney's fees, expert fees, and the costs and expenses of litigation.

D.  All other and further relief as may be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

Dated: June 23, 2021

Respectfully submitted,

 /s/ Christopher J. Wilmes
One of the Attorneys for Plaintiffs

Christopher J. Wilmes
Justin Tresnowski
**Hughes Socol Piers Resnick & Dym, Ltd.**
70 W. Madison St., Suite 4000
Chicago, IL 60602
cwilmes@hsplegal.com
jtresnowski@hsplegal.com
(312) 580-0100