IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATALIA HUBERT,

      Plaintiff,

  v.

OSWEGO JUNCTION ENTERPRISES
LLC d/b/a PROHIBITION JUNCTION
SPORTS BAR & GRILL,

      Defendant.

No. 21 CV 3360

Magistrate Judge Jeffrey T. Gilbert

## MEMORANDUM ORDER

For the reasons set forth in this Memorandum Order, Plaintiff's Motion to Compel Discovery [ECF No. 26] ("Plaintiff's Motion") is granted in part and denied in part.

**Financial Information**. Plaintiff's Motion is granted in part with respect to Requests for Production Nos. 14 and 15 which seek evidence of Defendant's financial position. These requests for production of tax returns and financial information going back to 2018 are, as written, overbroad, burdensome, and not proportional to the needs of the case. Plaintiff implicitly recognizes this by conceding, in her Reply Brief [ECF No. 24], that she will narrow her discovery requests to financial information only for the year 2022. Plaintiff wants this information for trial to support her punitive damages claim. Evidence of a defendant's net worth is relevant and admissible on the issue of punitive damages, and therefore discoverable within the

meaning of Federal Rule of Civil Procedure 26(b)(1). *Platcher v. Health Professionals, Ltd.*, 2007 WL 2772855 (N.D. Ill. 9/18/07). *Challenge Aspen v. King World Productions Corp.*, 2001 WL 1403001, *3-4 (N.D. Ill. 11/9/2001).

Plaintiff seeks an award of punitive damages in her Complaint [ECF No. 1]. Defendant says Plaintiff will not be entitled to seek or recover punitive damages at trial based on the evidence Defendant anticipates will be put before the jury. The Court cannot make that determination now. At this stage of the case and based on the allegations Plaintiff is making against Defendant, Plaintiff very well may be allowed to seek punitive damages at trial in the Court's view. Therefore, evidence of Defendant's financial position shortly before and at the time of trial is relevant to the claims and defenses in this case.

The Court agrees with Plaintiff's concession that the only evidence of Defendant's financial position and net worth that is relevant to her punitive damages claim and proportional to the needs of the case as of now is financial information for 2022. No trial date has been set in this case, but it is not inconceivable that the case could be tried, if it is going to be tried, in the next year or two which makes financial information as of 2022 potentially relevant to Plaintiff's punitive damages claim. Evidence of financial information at the time of trial also will be relevant and proportional to Plaintiff's punitive damages claim assuming that claim is still in the case at that time.

The Court is unwilling to wait until a trial date is set to order Defendant to produce evidence of its financial position. Given the extensive discovery disputes in

2

this case to date and the parties apparent inability to agree on anything, waiting to order Defendant to produce financial information relevant to punitive damages until shortly before trial risks the possibility of disputes about the sufficiency of Defendant's production when the case schedule can least accommodate such diversions. For all the reasons discussed by Magistrate Judge Schenkier in the *Challenge Aspen* case cited above, the Court believes that production of this information now along with supplementation later makes the most sense in terms of efficient case management. That includes, as Judge Schenkier also noted, for whatever value that information may have for the purposes of settlement. *Challenge Aspen,* 2001 WL 1403001, at *4.

Therefore, the Court orders Defendant to produce its federal and state tax returns for 2022 within 14 days after those returns are filed with the appropriate authorities, or within 14 days of the date of this Order if Defendant already has filed its 2022 tax returns, together with financial statements (balance sheet, income statement, cash flow statement, and shareholders' equity statement), if they exist, as of December 31, 2022, or the end of Defendant's 2022 fiscal year. The Court further orders Defendant to supplement its production of such financial information for 2023 and any subsequent years through and including the date of trial on the same timetable.

**Other Sexual Harassment Complaints.** The Court agrees with Plaintiff that evidence of complaints against Tillman Liggins, Plaintiff's alleged harasser, about sexual harassment in the workplace after the date Plaintiff was terminated

may be relevant to establish Mr. Liggins motive, absence of mistake, etc., within the meaning of Federal Rule of Evidence 404(b) as well as the existence of a sexually hostile work environment at Defendant's restaurant as Plaintiff alleges existed when she was employed there in 2018. *See Smith v. Sheahan*, 189 F.3d 529, 533 (7th Cir. 1999); *Mendez v. Peria Dental*, 2007 WL 9817656, at *2 (N.D. Ill. Apr. 19, 2007). The Court disagrees that evidence of sexual harassment complaints against people other than Mr. Liggins after the dates of Plaintiff's employment in 2018 are relevant to the claims or defenses in this case or proportional to the needs of the case. The Court also disagrees that evidence of Defendant's response to other sexual harassment complaints is sufficiently relevant to whether Defendant conducted a good faith investigation of Plaintiff's complaint in this case to justify that discovery under Rule 26(b)(1).

Plaintiff was employed by Defendant for slightly more than two months in 2018. In the Court's view, Plaintiff's wide ranging discovery requests for information about other sexual harassment complaints made by Defendant's employees after Plaintiff was terminated and through the present are not justified other than as those complaints relate to Mr. Liggins. Complaints about other people employed by Defendant after the date Plaintiff was terminated in August 2018 through the present are not relevant to the environment facing Plaintiff in 2018 and are not proportional to the needs of this case in the Court's view. Therefore, Plaintiff's Motion is granted with respect to Interrogatory Nos. 4 and 11 but only as to any complaints against Mr. Liggins that have not yet been produced, and denied with respect to

Interrogatory No. 8 which is limited to a 2021 incident involving someone other than Plaintiff. Defendant shall supplement its answers to Interrogatory Nos. 4 and 11 as necessary within 21 days of the date of this Order.[1]

**Mr. Fialko's Other Restaurants and Bars.** Plaintiff's Motion is denied to the extent she wants the Court to require Defendant's managing director, Kevin Fialko, to testify about his ownership of other restaurants or bars not owned by Defendant. Plaintiff characterizes questions about Mr. Fialko's other business interests as "simple background questions." Plaintiff's Reply Brief [ECF No. 34], at 5. The Court disagrees. Whatever Mr. Fialko's separate business interests may be, Plaintiff has not shown they are relevant to the claims or defenses in this case or proportional to the needs of this case. Plaintiff's asserted justification for these questions – that Mr. Fialko owns and operates other restaurants and bars, so he knows how to respond to sexual harassment complaints – is too thin of a reed to support this line of inquiry. So, too, is Plaintiff's argument that Mr. Fialko's policies

---

[1] The Court also agrees that other sexual harassment complaints against Mr. Liggins are proper topics for his deposition. Defendant's counsel objected to Plaintiff's questions about other complaints during Mr. Liggins's deposition on relevance grounds but, as far as the Court can tell, counsel did not instruct him not to answer based on that objection. Instead, Mr. Liggins invoked the Fifth Amendment in refusing to answer questions about other sexual harassment complaints at his deposition. The Court expresses no opinion as to whether Mr. Liggins is justified in invoking the Fifth Amendment in this case in response to these questions as a matter of law. Plaintiff had an opportunity to examine Mr. Liggins about other complaints during his deposition even if those questions would have been met with the same Fifth Amendment response. Plaintiff does not appear to be asking the Court to order Mr. Liggins's deposition be reopened so that she can pursue that line of inquiry further, and the Court is not ordering that to occur at this time. The Court also expresses no opinion now on whether Mr. Liggins's deposition should be reopened if Defendant's answers to Plaintiff's Interrogatory Nos. 4 and 11 reveal information about other complaints against him that was not known to Plaintiff when Mr. Liggins originally was deposed.

and practices on employment issues across his businesses are relevant to whether Defendant's conduct was reckless (to the extent that even is relevant) in this case.

**Whether Mr. Liggins Reports Payments from Defendant to the Social Security Administration.** Plaintiff's Motion is granted to the extent she wants to ask Mr. Liggins, Plaintiff's alleged harasser, questions about whether he reports Defendant's payments to him for his work at Defendant's restaurant, which Defendant makes through an LLC owned by Mr. Liggins's wife, as employment or other income to the Social Security Administration. Both parties seem to agree, as does the Court, that Mr. Liggins's arrangement with Defendant concerning how he is paid for his services is relevant to, among other things, whether Mr. Liggins is employed by Defendant, and Mr. Liggins apparently answered questions about that subject during his deposition.

Mr. Liggins, however, refused to answer questions during his deposition about whether he reports payments made to his wife's LLC relating to his work for Defendant to the Social Security Administration. Mr. Liggins apparently receives payments himself from the Social Security Administration. Plaintiff suspects that Defendant's method of paying for Mr. Liggins's services is a vehicle to avoid reporting employment earnings to the Social Security Administration. Plaintiff says evidence about whether Mr. Liggins's reports to the Social Security Administration Defendant's payments to him potentially can be used at trial to impugn Mr. Liggins's credibility and honesty consistent with Federal Rules of Evidence 404(a)(3), 405, 607 or 608(b). Plaintiff also says the arrangement Mr. Liggins's and Defendant have

constructed with respect to how Mr. Liggins is paid for his services to Defendant is an act of work-related dishonesty that could make Mr. Liggins a comparator to Plaintiff who Defendant says was terminated for her work-related dishonesty.

The Court agrees that evidence about whether Mr. Liggins reports payments Defendant makes to his wife's LLC for his services to Defendant arguably is relevant at trial for the reasons Plaintiff wants to use it. The question is at least close enough to allow Plaintiff to pursue this discovery. The facts Plaintiff wants to inquire about are potentially relevant to a claim or defense and proportional to the needs of the case. The Court emphasizes, however, this ruling says nothing about and is not intended to control whether the evidence Plaintiff seeks to adduce ultimately will be admissible at trial consistent with the Federal Rules of Evidence as proper impeachment or character evidence, or evidence of truthfulness or untruthfulness, or whether the evidence may be barred as unduly prejudicial by the application of Federal Rule of Evidence 403. In other words, the evidence may or may not be admissible at the end of the day. But a relevance objection to this line of inquiry during discovery or a deposition is not sufficient to block such inquiry at the pre-trial stage of this case in the Court's view. Neither does the Court perceive Plaintiff's proposed line of inquiry to be barred under Federal Rule of Evidence 26(c)(1).

Therefore, the Court agrees that Plaintiff was entitled to pursue this line of inquiry during Mr. Liggins's deposition and defense counsel's instruction to Mr. Liggins not to answer questions on this topic on relevance grounds was improper. *See* Liggins Deposition Transcript [ECF No. 26-2], at 157. Plaintiff is entitled to re-open

Mr. Liggins's deposition for the limited purpose of conducting the examination permitted by this Order.

Accordingly, for all the reasons set forth in this Memorandum Order, Plaintiff's Motion to Compel Discovery [ECF No. 26] is granted in part and denied in part.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated:     November 21, 2022

8