IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATALIA HUBERT,

                Plaintiff,

    v.

OSWEGO JUNCTION ENTERPRISES
LLC d/b/a PROHIBITION JUNCTION
SPORTS BAR & GRILL,

                Defendant.

No. 21 CV 3360

Magistrate Judge Jeffrey T. Gilbert

## **ORDER**

Plaintiff's Motion for Attorneys' Fees and Costs [ECF No. 85] is denied except the Motion is granted to the extent that Defendant shall pay the court reporter attendance fees for the depositions of Kevin Fialko and Tillman Liggins that will be reconvened because the Court granted Plaintiff's Second Motion to Compel [ECF No. 31] in December 2022 [ECF No. 67].

### **A.**

The Court granted Plaintiff's Second Motion to Compel [ECF No. 31] on December 29, 2022 [ECF No. 67]. As a result, Plaintiff argues that an award of attorneys' fees and expenses is required here under Federal Rule of Civil Procedure 37(a)(5)(A). Plaintiff argues that Defendant's former counsel did not have a good faith basis upon which to advise his client to assert the attorney client privilege or work product doctrine as a reason to withhold from discovery counsel's own notes and his e-mail communications with Defendant's principal, or to advise Defendant's witnesses not to answer questions at their depositions. Plaintiff had to file a motion to compel production of those documents to obtain them. Plaintiff argues Defendant should pay for the time her lawyers spent briefing that motion to compel.

Plaintiff also argues that Defendant should pay for the time her lawyers will spend in reconvening the depositions of two of Defendant's employees, Kevin Fialko and Tillman Liggins, because of the Court's December 2022 Order [ECF No. 67]. And, finally, Plaintiff argues, citing Federal Rule of Civil Procedure 37(a)(5)(B), that the

Court should order Defendant to pay Plaintiff's attorneys' fees and costs incurred in responding to Defendant's Motion to Compel [ECF No. 50] which the Court also denied in its December 2022 Order [ECF No. 67].

For the reasons discussed below, in the Court's discretion, Plaintiff's Motion [ECF No. 85] is denied except with respect to the court reporter attendance fees for the two depositions that will be reconvened because of the Court's December 2022 order [ECF No. 67]. Although the Court granted Plaintiff's Second Motion to Compel [ECF No. 31] and ordered Defendant to produce documents that were being withheld from production based on the attorney client privilege and work product doctrine, the Court cannot say that Defendant's reliance on its then-counsel's legal advice to withhold that material from production based on a claim of legal privilege was not substantially justified from Defendant's perspective within the meaning of Rule 37(a)(5)(A)(ii). Further, in the Court's view, "circumstances make an award of [attorneys' fees and] expenses unjust" at this juncture in this case within the meaning of both Federal Rule of Civil Procedure 37(a)(5)(iii) and 37(a)(5)(B) except, again, in the limited instance of the court reporter fees.

**B.**

The Court is reluctant to punish Defendant for relying on its former counsel's advice to invoke the attorney client privilege and work product doctrine to shield from discovery counsel's notes and his communications with Defendant's principal, Mr. Fialko, even though the Court found those positions to be unsupported by law in its December 2022 Order [ECF No. 67]. This is not a situation in which a defendant refused to search for or produce relevant evidence, respond to interrogatories, or to sit for a deposition. Defendant was relying on a legal judgment made by its former lawyer and that lawyer's legal advice about whether counsel's notes of an interview he conducted of Plaintiff and his communications with Defendant's principal were shielded by a legal doctrine. The Court acknowledges that clients often take positions in litigation advised by their legal counsel including with respect to what documents to produce or how to answer interrogatories, and Federal Rule of Civil Procedure 37 allows a court to impose sanctions on a party when those positions are not substantially justified. But reliance on a lawyer's legal advice about the application of the attorney client privilege or work product doctrine is a bit different in the Court's view. Lawyers generally are reluctant to turn over documents they believe may be protected by the attorney client privilege or work product doctrine without a court order. Defendant was ill-prepared to question its then-lawyer's advice with respect to privilege even if it wanted to do so. For these reasons, the Court cannot say that Defendant's reliance on its former counsel's advice was not substantially justified

from Defendant's perspective as a non-lawyer under the facts and circumstances of this case and within the meaning of Federal Rule of Civil Procedure 37(a)(5)(A)(ii) even though the Court ultimately disagreed with the position Defendant's former counsel was advocating on his client's behalf. Alternatively, the Court finds for these reasons that "circumstances make an award of [attorneys' fees] and expenses" unjust here within the meaning of Rule 37(a)(5)(A)(iii).[1]

Plaintiff also overreaches in seeking to recover attorneys' fees incurred to address matters that arose or occurred after the briefing of Plaintiff's Second Motion to Compel [ECF No. 31]. Plaintiff, for example, argues that she had to prod new defense counsel multiple times to produce all the documents the Court ordered produced in its December 2022 Order [ECF No. 67] and documents that were discovered after the Court's ruling, but that time spent *after* the Court had ruled on Plaintiff's Motion does not justify an award of attorneys' fees or costs under Rule 37(a)(5)(A). Similarly, the fact that the subsequently produced documents may prove damaging to Defendant's case (a point Plaintiff makes but the Court is not evaluating one way or the other) does not change the Court's view of the propriety of monetary sanctions here under Rule 37(a)(5)(A). Plaintiff also faults Defendant for not cooperating more in her efforts to serve its employee, Mr. Liggins, with a deposition subpoena after the Court granted Plaintiff's Second Motion to Compel [ECF No. 31] and ordered his deposition to be reconvened, but, again, those fees are not recoverable under Rule 37(a)(5) because the Court granted Plaintiff's Motion to Compel. Those fees were incurred well after the Court ruled on that Motion.[2]

---

[1] Rule 37(a)(5) allows a court to sanction a party, its lawyer, or both. Defendant's former counsel has withdrawn and is no longer counsel of record for Defendant. Plaintiff is asking the Court to order Defendant, not Defendant's former lawyer, to pay her attorneys' fees and expenses. *See* Plaintiff's Motion [ECF No. 85] at 11 ("WHEREFORE, Plaintiff respectfully requests that the [court] order Defendant to pay $15,555 in attorneys' fees for time spent briefing her motion to compel, ECF No. 31 and $4,803 in attorneys' fees for time spent responding to Defendant's motion to compel, ECF No. 50.").

[2] Plaintiff mentions somewhat in passing that she discovered after the Court ruled on her Second Motion to Compel [ECF No. 31] that Defendant and its former counsel had not produced or even disclosed the existence of some WhatsApp messages containing communications between Defendant's principal, Mr. Fialko, and its former counsel which now have been produced by Defendant and its new counsel because of the Court's December 2022 Order [ECF No. 67]. *See* Motion [ECF No. 85] at 4-5; Reply [ECF No. 94] at 3-4 (unnumbered pages). Plaintiff faults Defendant's principal for not remembering these WhatsApp communications earlier in the case. Defendant's former counsel, however, also was a party to the same WhatsApp communications. Either way, the fact that Plaintiff obtained documents that were not specifically referenced in the briefing of Plaintiff's Second

In addition, the Court will not award Plaintiff the attorneys' fees her lawyers will incur in taking the reconvened depositions of Defendant's principal and one of its employees because of the Court's December 2022 Order [ECF No. 67] granting Plaintiff's Second Motion to Compel [ECF No. 31]. That attorney time or at least a large portion of it would have been spent deposing those witnesses about the subjects that will be covered in their reconvened depositions if the documents Defendant's counsel withheld from production had been produced earlier, before those witnesses were first deposed. The Court will, however, grant Plaintiff's Motion [ECF No. 85] to the limited extent that it orders Defendant to pay the court reporter attendance fees for the two depositions that will need to be reconvened because the Court granted Plaintiff's Second Motion to Compel [ECF No. 31]. Plaintiff should not have to bear the court reporter's fees for the two reconvened depositions when she only would have had to take those depositions once if she had all the documents necessary to take them in the first instance. Those costs therefore are appropriately recoverable under Rule 37(a)(5)(A).

The Court also in its discretion declines to award Plaintiff the attorneys' fees and expenses she incurred in responding to Defendant's Motion to Compel [ECF No. 50] which the Court found to be unfounded for many reasons including that defense counsel had not complied with Local Rule 37.2 before filing the Motion. This is a closer call. Defendant's Motion to Compel [ECF No. 50] was, as the Court characterized it at the time, "a long rant and ramble composed of Defendant's seriatim grievances with Plaintiff's [discovery responses]." *See* [ECF No. 67] at 13. Unfortunately, Plaintiff felt she had to respond to each of Defendant's arguments despite defense counsel's failure to comply with Local Rule 37.2 since she did not know whether the Court would deny the Motion to Compel, as it could have done, based solely on the lack of compliance with the Local Rule. The Court denied the Motion both because of the failure to comply with Local Rule 37.2, and because it agreed with Plaintiff that Defendant's arguments lacked merit. Again, however, the Court views Defendant's Motion to Compel [ECF No. 50], and particularly the failure to comply with Local Rule 37.2, as largely the work of Defendant's former counsel who is no longer of record in this case. In the Court's view, it would be unjust under the circumstances of this case and within the meaning of Federal Rule of Civil Procedure 37(a)(5)(B) to shift to Defendant the fees Plaintiff's lawyers generated in responding to Defendant's Motion to Compel [ECF No. 50] which Plaintiff computes as $4,800 from 9.4 hours of legal

---

Motion to Compel [ECF No. 31] in 2022 also does not, in the Court's view, justify an order that Defendant pay Plaintiff's attorneys' fees and expenses incurred in briefing the earlier Motion to Compel [ECF No. 31].

work ([ECF No. 85] at 9). And, while the Court realizes this is slight solace to Plaintiff, Defendant presumably paid its lawyer for the time he spent filing a meritless Motion to Compel [ECF No. 50].[3]

Finally, it bears mention that if Plaintiff prevails in this case, she can and certainly will petition for an award of attorneys' fees and expenses from Defendant including the fees and expenses she is seeking in the instant Motion for Attorneys' Fees and Costs [ECF No. 85] in addition to any monetary judgment Plaintiff might obtain against Defendant. In the Court's view, that is the appropriate time for Plaintiff to seek reimbursement for the attorneys' fees and expenses she is seeking in the instant Motion. In addition, although not dispositive, the Court notes that Defendant likely incurred added expense in hiring new attorneys to represent it in this case after its former counsel was forced to withdraw, and in bringing those new attorneys up to speed. The Court recognizes those dollars do not redound to Plaintiff's direct benefit or reimburse her for the attorneys' fees and costs incurred in opposing Defendant's Motion to Compel [ECF No. 50]. But they are dollars Defendant was forced to spend to address the predicament in which Defendant was left by its former counsel's abrupt withdrawal as attorney of record after the Court granted Plaintiff's Second Motion to Compel [ECF No. 31]. So, to some extent, Defendant already has been penalized because of its former counsel's conduct.

For all these reasons, Plaintiff's Motion for Attorneys' Fees and Costs [ECF No. 85] is denied in all respects except that Defendant shall pay the court reporter attendance fees for the depositions of Mr. Fialko and Mr. Liggins that will be reconvened as a consequence of the Court having granted Plaintiff's Second Motion to Compel [ECF No. 31] in December 2022 [ECF No. 67].

It is so ordered.

_Jeffrey T. Gilbert_
Jeffrey T. Gilbert
United States Magistrate Judge

Dated:   April 13, 2023

---

[3] To be clear, this is not an invitation to Plaintiff to file another motion seeking sanctions against Defendant's former counsel. The Court cannot say under all the circumstances of this case that its decision not to award Plaintiff her attorneys' fees and expenses incurred in briefing two motions to compel back in 2022 would be different if Plaintiff were seeking those fees from Defendant's former lawyer instead of from Defendant. But that issue is not now before the Court.